Rosa A. González, Plaintiff and Appellant, *v.* Roberto H. Todd, Mayor of San Juan, Defendant and Appellee.

No. 4732.   Argued March 14, 1929.—Decided November 18, 1929.

172

*L. Muñoz Morales* and *Petronila Vientós Gastón,* for appellant. *M. F. Rossy* and *Eugenio Font Suárez,* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Rosa A. González was superintendent and teacher of the school for nurses of the Municipal Hospital of San Juan, Porto Rico, which position she had held since June 1, 1927. On April 2, 1928, she received a communication from the Mayor of San Juan wherein the following charges were set forth:

"First.—That while in charge of the records of the students enrolled at the School for Nurses of the Municipal Hospital and with knowledge of the fact that the students Antonia Rodríguez León and Carmen Díaz Echevarría had not completed in the said school the three years' enrollment prescribed by law, to be eligible for taking the examination for nurses, you issued and signed diplomas to the said students, Antonia Rodríguez León and Carmen Díaz Echevarría, thereby inducing them to apply for such examination to the Board of Medical Examiners.

"Second.—That in your capacity as Superintendent of the Municipal Hospital and Instructor of the School for Nurses in the said institution, which is under the control of this Municipality, and with knowledge that the students Antonia Rodríguez León and Carmen Díaz Echevarría had not completed three years as registered students, since the former was admitted on November 26, 1925, and the latter on October 14, 1925, you certified in the diplomas issued by you to the above students that they had completed the three years' term of instruction, in violation of section 63 of the Rules

and Regulations of the Municipal Hospital of San Juan, adopted on February 15, 1927, by the Municipal Assembly of San Juan, which expressly provides as follows: 'At the termination of a three years' course of instruction and after a showing (by each of the students) of their proficiency in all the subjects, of their good behavior, and of having duly passed the proper examinations, they shall receive diplomas as graduated nurses issued by the Hospital and the Director of Charities.'

"Third.—That in your capacity as Superintendent of the Municipal Hospital and Instructor of the School for Nurses and with knowledge that the students Antonia Rodríguez León and Carmen Díaz Echevarría had not completed a three years' course of instruction at said school, you deceived Dr. Narciso Moreno, Director of Charities, and Dr. J. R. Rolenson, Director of the Municipal Hospital of San Juan, by sending to them a list of the students enrolled in the School for Nurses, which officials, relying upon the confidence they reposed in you, as the Instructor of the said school, and believing in your good faith, signed diplomas for the students Antonia Rodríguez León and Carmen Díaz Echevarría, in the firm belief that they had completed the term required by law and by the rules and regulations of the Hospital, and you thereby failed in the loyalty due from all employees to their superiors in the performance of the services to them intrusted. Respectfully, (signed) Roberto H. Todd, Mayor of San Juan.—Received at 11.10 a.m. on April 2, 1928. (Signed) Rosa A. González, R.N., Superintendent.—(Signed) Isidoro D. Delgado, witness.—(Signed) Dr. D. L. Rivera, witness."

Appellant herein answered the charges. In due time a hearing for the charges took place with the attendance of Miss González, who appeared assisted by counsel. Witnesses were examined, documentary evidence was introduced, and the mayor, who conducted the proceedings, finally removed Miss González from her office. She thereupon applied for a writ of certiorari to the District Court of San Juan and substantially alleged in her petition that the decision of the mayor in the proceedings for removal was not supported by the evidence; that no just cause for the removal existed; that no malice or fraud on the part of the petitioner had been shown; that petitioner's signature on the diplomas of graduated nurses was not required; that the mayor had

acted illegally, in excess of his jurisdiction, and that his decision was void. The court issued the writ directing that the documents in the case be sent up.

The return contains a full transcript of the stenographic notes taken at the proceedings and also copies of the documents introduced in evidence.

At the hearing in the court below, the respondent mayor opposed the petition, according to the decision of that court, on the grounds of a defective verification of the petition, the existence of the remedy by appeal under section 29 of the Municipal Law, and that certiorari is not the proper remedy.

By its judgment of July 10, 1928, which is accompanied by a statement of the case and opinion, the court denied the petition and quashed the writ. From that judgment the present appeal has been taken by the petitioner who has assigned three errors, as follows:

"1.—Error of law in holding that courts can not review, within the remedy of certiorari, errors committed by administrative officers in removing employees.

"2.—Error of law in holding that the mayor in the present case acted within his jurisdiction and without exceeding the same.

"3. Error of law in affirming the decision of the mayor without having considered and examined the evidence introduced by the petitioner."

In order to decide the main question involved in the case before us it becomes necessary to bring into this opinion previous rulings of this court, either establishing a new doctrine or confirming others already established.

In *Piovanetti* v. *Municipal Assembly of Yauco,* 31 P.R.R. 496, 499, and with reference to the remedy of certiorari established by section 65 of the Municipal Law, this court said:

"It is true that the Legislature of Porto Rico went so far as to allow the review of both the administrative acts and the legislative acts of municipal assemblies, but when the courts review such acts in certiorari proceedings it must be done in accordance with the principles well established by jurisprudence.

"The inquiry should be limited to whether the assembly had jurisdiction or exceeded it; whether the procedure followed in exercising it was erroneous, or whether the assembly acted *ultra vires.*"

In *Coll* v. *Todd,* 35 P.R.R. 572, that doctrine was not modified, and in the opinion we expressed ourselves as follows:

"We are somewhat inclined to agree with the appellee that the certiorari under the municipal law is not the mode of revising the act of the mayor in removing a municipal officer. The pertinent section is as follows (Laws of Porto Rico, 1924, page 106):

" 'Section 65.—That on motion of the aggrieved party the district courts shall have jurisdiction.

" ' (a) To annul or review by writ of certiorari any legislative or administrative act of the municipal assembly, mayor or other municipal officer, which infringes the constitutional rights of the complainant or which is contrary to the Organic Act or the laws of Porto Rico.'

"The record does not disclose that any constitutional right of the petitioner was violated or that anything was done contrary to the Organic Act or the laws of Porto Rico. We do not understand that the destitution of an officer even without just cause comes within these provisions."

And further on:

"Supposing, however, that certiorari is the proper remedy, what is the duty of a court? At the utmost to examine the return to see whether there is any justification for the action of the removing officer. Normally the said removing officer is the sole judge of the evidence and the function of the court is to see whether there is a total lack of proof to justify the removal or something similar. Castro v. Quiñones, 34 P.R.R. 780; R.C.L. 263, 264. Always providing that the officer removed has had a due notice and a hearing, of which there is no question in this appeal.

"Nor is a removing officer bound down by some of the niceties that govern a trial court. Less than a court would he be bound by a variance between the charge and the proof."

Bearing in mind the foregoing, it would seem advisable to quote an excerpt from the decision appealed from, because

it exactly fits the actual situation herein and lays down the best standard and the soundest doctrine for similar cases.

The trial court says:

"The right to an office is not a constitutional right; it is simply a trust reposed in a person for him to perform certain public duties for the benefit of the community; and when in the opinion of the appointing power there has been a breach of or deviation from such duties and that conclusion has been reached through the weighing and consideration of the evidence for and against the officer, the courts must not and can not interfere with the acts of the appointing officer (the mayor in the present case), because such an interference would amount to an encroachment upon his discretion, to the detriment and prejudice of the public interest.

"Granting that certiorari is the proper remedy in the present case, we must conclude that no jurisdiction has been exceeded, that no procedural error has been committed, that the mayor did not act *ultra vires* and that the procedure followed in removing the petitioning employee complied with the law. Consequently, we must and do quash the writ issued in the present case and dismiss the certiorari petition in all its parts, without special pronouncement of costs."

We indorse the doctrine laid down in the above excerpt.

We have read the stenographic transcript and we conclude therefrom that this is not a case wherein the mayor proceeded to make the removal without any evidence justifying the same. Appellant forwarded the list of applicants for examination as graduated nurses and included therein the names of the two applicants, Antonia Rodríguez León and Carmen Díaz Echevarría, who lacked the required qualifications of a three years' course and preparation. Appellant knew the law and the rules and regulations, and in submitting the list thus and signing the diplomas she was knowingly violating the law. Whether there was fraud or gross negligence is a question which has not the importance attributed to it. No importance can be attached, either, to the circumstance that on another occasion another applicant had been accepted without meeting the legal requirements.

Even if this had been proved, the existence of a bad or erroneous precedent is no justification for acting outside the law.

We can not admit the existence of the errors assigned. The judgment appealed from must be affirmed.

Mr. Chief Justice del Toro took no part in the decision of this case.